UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD CURTIS,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 06-1486-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff Gerald Curtis seeks judicial review of a final decision denying his application for disability insurance benefits. Plaintiff alleges that he became disabled on May 15, 2000, as a result of posttraumatic stress disorder, heart disease, high blood pressure, memory loss and hearing loss. Plaintiff's application for disability benefits, filed on June 3, 2003, was denied initially and upon reconsideration. A hearing, with plaintiff represented by counsel, was held before an Administrative Law Judge (ALJ) on September 21, 2005. Plaintiff, his partner Jan

1  - OPINION AND ORDER

Campbell, and Scott Stipe, a vocational expert testified at the hearing. On January 26, 2005, the ALJ issued a decision concluding that plaintiff was not disabled. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently sought judicial review.

## I.      LEGAL STANDARDS

### 1.      Five-Step Disability Analysis

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. If the claimant is so engaged, disability benefits are denied.

Otherwise, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant is severely impaired, the Commissioner proceeds to a third step, and determines whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude substantial gainful

activity. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

### 2.     Quantum of Proof

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

      The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

      However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

**II.    DISCUSSION**

      At the time of his hearing, plaintiff was a 57-year-old man with a high school education. His prior work experience includes work as a residence supervisor and executive director's assistant. Plaintiff is a veteran of the United States Army, who served from 1968 to 1980 and

from 1984 to 1987. Transcript of Record (hereinafter "Tr.") 157. During his time in the Army, plaintiff served as a field combat medic in Vietnam. Tr. 689. The Department of Veterans Affairs rates him as 50% disabled due to posttraumatic stress disorder and 30% disabled due to coronary artery disease and hypertension. Tr. 157.

### 1.  ALJ's Findings

At step one of the five-step analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability. Tr. 23.

At step two, the ALJ found that plaintiff had the severe physical impairments of peripheral vascular disease and hypertension. Tr. 23.

At step three, the ALJ found plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 23.

At step four, the ALJ found that plaintiff had "the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. He can stand and walk 6 hours out of an 8-hour day and sit 6 hours out of an 8-hour day. He can occasionally climb ramps and stairs and crouch. He can frequently climb ladders, ropes and scaffolds. He can frequently balance, stoop, kneel and crawl." Tr. 23. Based on this residual functional capacity evaluation, the ALJ concluded that plaintiff was still able to perform his past relevant work as a residence supervisor and as an executive director's assistant. Tr. 23. The ALJ made no step five determination.

### 2.  Analysis

Plaintiff's brief appears to only directly challenge the residual functional capacity decision by the ALJ. Pl. Br. at 8 ("In the instant case, steps four and five are at issue."). However, as defendant recognizes, the issues raised by plaintiff are "whether (1) the ALJ

5  - OPINION AND ORDER

properly considered the medical evidence of record; (2) the ALJ properly assessed [p]laintiff's residual functional capacity (RFC); (3) the ALJ properly considered the findings of the Veterans Administration; and (4) the ALJ properly assessed the credibility of [p]laintiff's subjective complaints." Def. Br. at 2.

Plaintiff's date last insured was March 31, 2002. Tr. 17. His medical records are made up almost entirely of two large sets of "progress notes" from the Veteran's Administration (VA). Tr. 152-464, 487-672. At the VA, plaintiff was often treated by Anne Muller, a licensed clinical social worker, and Deborah L. Wilson, a psychiatric mental health nurse practitioner. Both Muller and Wilson had numerous interactions with plaintiff as caregivers. The ALJ gave little weight to Muller's opinions, correctly treating them as lay testimony because she was not an acceptable medical source. Tr. 22. *See* 20 C.F.R. § 404.1513(a); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ also noted that "her assessment was made well after claimant's date last insured." The ALJ, however, did rely on, and cited on several occasions in his decision, an isolated statement, also made after the date last insured, by Wilson that she suspected "a volitional component to [plaintiff's] complaints of memory loss." Tr. 310-11.

Defendant's (and ALJ's) belief that observations and evidence from outside the period for disability are irrelevant is erroneous. The Ninth Circuit has explained that "it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability. It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citation omitted). Thus, for example, the ALJ should have considered a May 14, 2002, entry in the VA records based on a neurophysiology consultation with Daniel Storzbach, Ph.D. Tr. 329-

34. That consultation included findings by Storzbach that plaintiff's medical history was "positive for multiple risk factors for cerebrovascular disease," that his "memory complaints are of organic, likely cerebrovascular, etiology," and that his "[f]ine motor speed, as measured by finger tapping was bialterally mild to moderately impaired." Tr. 332. These findings, in line with the long history of complaints by plaintiff and the observations made by Muller and Wilson, are the sort of retrospective medical opinion worthy of consideration. The ALJ did not address this medical opinion, or other evidence outside of the disability period in his decision.

The court also notes that, on remand, the ALJ should revisit conclusions about plaintiff's credibility. The symptoms of memory loss described by plaintiff, and supported by the medical record, are not inconsistent with going to movies, travel, hiking or visiting friends as the ALJ suggests. Tr. 21-22. Both plaintiff and Campbell testified that his memory loss has impacted his ability to perform some of the activities of his daily life. Tr. 96, 98, 113, 114, 115.

### III. CONCLUSION

Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

DATED this   31   day of March, 2008.

                                              /s/ Ancer L. Haggerty
                                                Ancer L. Haggerty
                                          United States District Judge